THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ANTONIO GÓMEZ RAMOS, Defendant and Appellant.

No. 5187. Argued November 9, 1933.—Decided November 29, 1933.

*José Veray, Jr.,* for appellant. *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

Antonio Gómez Ramos, charged with a violation of section 3, title II, of the National Prohibition Act, was found guilty by a jury of the District Court of Aguadilla and sentenced to serve three years in the penitentiary. He took an appeal from that judgment, and in support of this appeal he urges that the lower court erred in not allowing the defense to ask the policeman Esteban Rodríguez, who had testified previously, certain additional questions, on the ground that the purpose sought was to contradict the other policeman, Medina, and in accepting the verdict of the jury, claimed to be against the weight of the evidence.

The first error assigned is that the court did not permit the defense to further cross-examine the policeman Esteban Rodríguez. This witness was examined by the district attorney in his direct examination and cross-examined by the defense. The cross-examination was very extensive. Rodríguez testified that he was accompanied by the policeman Pablo A. Medina when they entered a sugar-cane field where they found the defendant operating a still. Medina also testified that he went with the policeman Esteban Rodríguez; that the latter was walking behind him, keeping quite close. On this point there was no conflict in the testimony of either witness.

After the examination of the witness Medina, the defense requested that the policeman Rodríguez be recalled and the court so ordered. The witness was asked by counsel for the defendant whether he was with Medina on that day, whether they were going together or separately, and he answered that they went together. At this point, the district attorney objected to the cross-examination because he thought it was sought to contradict one witness for the prosecution with the testimony of another prosecuting witness. The court stated that if the purpose sought in further cross-examining the witness was to contradict another witness for the prosecution, the evidence was not admissible, and it added that the defense could make the witness its own and examine him at the proper time upon any point deemed relevant. The defense then stated that the purpose was not to contradict Medina, but to cross-examine the witness as to who was with him or accompanied him on that day.

The questions asked by the defense were answered by Officer Esteban Rodríguez who had previously testified on cross-examination that both he and Medina went together. The objection was made after these questions were answered. The court has discretionary power to permit a witness to be recalled after his direct examination or cross-examination. Section 157 of the Law of Evidence. In the instant case, the court a quo, in the exercise of its discretion, refused to permit the witness who had already been extensively cross-examined, to be further examined for the purpose of reiterating the testimony previously given. We have carefully studied the evidence and, apart from the fact that we do not attach any importance to this incident which does not prejudice the rights of the accused and can not serve as a ground for reversal, we are of opinion that the court acted properly in the matter. If, as appears from the statement made to the court and from the question asked by the defense, what the latter sought was to elicit again from the witness testimony as to who walked with him and accompanied him, such pur-

pose was accomplished when the witness answered that Medina and himself went together.

Following is an excerpt taken from the opinion of *People* v. *Keith,* 50 Cal. 139:

"The only point in the case presenting a serious difficulty is whether the court abused its discretion in refusing to permit the defense to recall the witness Price for further cross-examination, in order to lay a foundation for the evidence of the witness Rogers as to the declarations of Price, evincing hostility toward the defendant. Both witnesses were present in court, and the application was promptly made before the prosecution had offered any evidence in rebuttal. In such cases it is certainly the better practice to grant the applications, unless the court is satisfied that there is an attempt to trifle with it, or that its time would be uselessly consumed. But necessarily such matters must rest greatly in the discretion of the court below; and it is not our practice to interfere in such cases, except where there has been clearly an abuse of discretion. In this case, the testimony of the witness Price did not differ materially from that of the other witnesses who were present at the homicide, nor from the account which the defendant himself gave of the transaction, when testifying. Moreover, there was already some testimony in the cause tending strongly to show hostility on the part of Price towards the defendant, and the court may reasonably have considered under these circumstances that it would be only a useless consumption of time to open the door for further proofs on this point. We cannot say that this was such an abuse of discretion as to require a reversal of the judgment."

Lastly, it is urged that the court erred in accepting the verdict of the jury as it was against the weight of the evidence. The only reason adduced in support of this assignment is that the evidence of the prosecution is contradictory and doubtful. The jury, however, weighed the evidence and rendered a judgment of conviction. There is no reason to reject this verdict, which, moreover, we consider as justified by the evidence submitted to the jury.

The judgment appealed from should be affirmed.